The Honorable Denny Altes State Representative
8600 Moody Road Fort Smith, Arkansas 72903-6718
Dear Representative Altes:
You have written to me asking that I accept your letter as a "request for [an] official opinion on . . . HB 1841." You then elaborate on HB 1841, which was passed as Act 1037 of 2011:
 Last session we passed HB 1841 which has to do with A.C.A. § 17-23-101 under definitions. It says a permanent place of business must be maintained but it does not say "where." These gold buyers are coming in town from out of state and say they have a permanent place of business in another state and that meets the requirements of the law. I know we should fix this next legislative session, but meanwhile, we are inundated with gold buyers from out of state that pay no taxes and reports nothing [sic] to our state, in turn, we are losing enormous revenue.
I will assume, from the foregoing, that you are asking whether the amendments effected by Act 1037 of 2011 require "gold buyers" to have a "permanent place of business" in Arkansas.
RESPONSE
In my opinion, and as you yourself seem to recognize, neitherAct 1037 of 2011 nor A.C.A. §§ 17-23-101 et seq. requires "gold buyers" to have a "permanent place of business" in Arkansas. *Page 2 
Sections 17-23-201 and-202 require businesses or people who buy gold in Arkansas to register with the Arkansas State Police. Section 17-23-202, which details what kinds of information must be contained in that registration, expressly distinguishes between a "nonresident applicant" and, presumably, a "resident applicant." According to the latter statute, precious-metals buyers who are nonresidents of Arkansas "shall provide [their] principal place of business without the state. . . ."[1] Indeed, this subsection seems to expressly indicate that some buyers of precious metals will have a place of business that is not located inside Arkansas. Further, nothing in subsection 17-23-101(2), which defines a "permanent place of business," indicates that buyers of precious metals must have a place of business inside the state. The phrase "permanent place of business" is simply defined as "a fixed premises either owned by the dealer or leased by the dealer for a period of at least one (1) year."
In sum, (1) nothing in A.C.A. §§ 17-23-101 et seq. requires that the people who buy precious metals in Arkansas have a "permanent place of business" located in Arkansas; and (2) subsection 17-23-202(b) expressly contemplates that there will be "nonresident" buyers whose registration requirements include giving their out-of-state business address.[2]
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General DM/RO:cyh
[1] A.C.A. § 17-23-202(b) (Supp. 2011) (emphasis added). To avoid confusion, one should be aware that the latter subsection is the place where the Arkansas Code Revision Commission has codified what Act 1037 of 2011 enumerated as "17-23-202(f)."
[2] This Opinion does not address whether requiring buyers of precious metals to have a "permanent place of business" in Arkansas would conflict with any statutory or constitutional provisions. *Page 1